486 A.2d 228

**PRINCE GEORGE'S COUNTY EDUCATORS' ASSOCIATION, INC.**

v.

**BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY.**

**No. 379, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Jan. 9, 1985.

250

Susan W. Russell, Baltimore (Walter S. Levin and Weinberg & Green, Baltimore, on brief), for appellant.

Sheldon L. Gnatt, Greenbelt (Paul M. Nussbaum and Reichelt, Nussbaum & Brown, Greenbelt, on brief), for appellee.

Argued before WEANT and GETTY, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeal (retired), specially assigned.

GETTY, Judge.

The single issue presented in this appeal is whether the circuit court was correct in refusing to vacate an arbitration award. Appellant, Prince George's County Educator's Association, Inc. (PGCEA) brought this action in the Circuit Court for Prince George's County seeking to vacate an arbitration award denying a grievance filed by PGCEA against appellee Board of Education of Prince George's County (Board of Education). The court granted a motion for summary judgment in favor of the Board of Education and against PGCEA. We hold that the arbitrator's decision was completely irrational and must be vacated. We, therefore, reverse the decision of the circuit court.

## BACKGROUND

PGCEA is the exclusive bargaining representative for Prince George's County teachers. PGCEA and the Board of Education were parties to a collective bargaining agreement which established wages, hours, and working conditions for all certified professional employees of the Board of Education. The agreement also included a provision for settling disputes by arbitration.

Sometime in 1982 a dispute arose between PGCEA and the Board of Education concerning the pay rate for driver education instructors. Prior to the 1979–80 school year, it was mandatory for county high schools to offer driver education. In Prince George's County, the Board of Education structured its driver education program so that students could take driver education at three different times: during the regular school day, after school during the regular school year, and during the summer. The pay rate for driver education teachers was the same as for other teachers. For regular school day instruction, all teachers were paid according to a Teacher's Salary Scale which was negotiated under the collective bargaining agreement. For

after school and summer instruction they were paid at a rate of 1/1500 of their regular salary for each hour they worked.

In 1979 the Maryland General Assembly amended Md. Educ.Code Ann. § 7–412(a) to no longer require that each county board of education offer instruction in driver education. Pursuant to this amendment the Prince George's County Board of Education adopted a resolution canceling its regular school day driver education program for the following school year. The replacement driver education program was to be offered only at times of the day or during the school year when school was not in session. The program was to be funded from tuition charged to the students and monies received through the Driver Education Account of the Transportation Trust Fund pursuant to Md.Transp.Code Ann. § 16–508(b). At the same time the Board of Education modified its driver education program, it established a pay rate for driver education teachers which was significantly less than the 1/1500 of their regular salary it had previously paid for such instruction. Under the new program, driver education teachers were to be paid $12.50 per hour for classroom instruction time and $8.50 per hour for simulation and on-the-road instruction time.

Several driver education teachers, believing that the unilateral reduction in their pay violated the existing collective bargaining agreement, filed a timely grievance against the Board of Education. The grievance was eventually moved to arbitration by the PGCEA, and arbitration hearings were held on October 21, 1982, December 2, 1982 and January 11, 1983.

In his written arbitration award, the arbitrator found that the Driver Education School was a separate entity from the Board of Education and that, as a successor employer, the Driver Education School was not bound by the terms and conditions established in the collective bargaining agreement between PGCEA and the Board of Education. *See NLRB v. Burns International Security Services, Inc.*, 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972). Having thus

held that the collective bargaining agreement was not applicable to driver education teachers, the arbitrator denied PGCEA's grievance. The PGCEA filed a timely petition to vacate the arbitration award in the Circuit Court for Prince George's County. The court, finding that the arbitrator's decision was not an irrational one, granted a motion for summary judgment in favor of the Board of Education. We cannot agree. We find that the arbitrator's award was based solely on an erroneous assumption of fact and is therefore completely irrational.

## THE STANDARD OF REVIEW

The Maryland Legislature has expressly delineated the grounds upon which a court may vacate an arbitration award in the Maryland Uniform Arbitration Act, Md.Cts. & Jud.Proc.Code Ann. § 3–224. The Act proscribes judicial review of an arbitrator's decision except in very restrictive and narrow circumstances and reflects the common law consideration of arbitration as a favored action. Section 3–224 states, in pertinent part, the following:

(b) Grounds.—The court shall vacate an award if:

(1) An award was procured by corruption, fraud, or other undue means;

.    .    .    .    .

(3) The arbitrators exceeded their powers.

In *O–S Corp. v. Samuel A. Kroll, Inc.*, 29 Md.App. 406, 348 A.2d 870 (1975), this Court described the standard of review applicable to a court's review of an arbitration award. We held that an award of an arbitrator is not subject to judicial revision unless it is "completely irrational." *Id.* at 409, 348 A.2d 870. We described the rule as follows:

"... when reviewing the fruits of an arbitrator's award a judge may withhold only such as were tainted by improbity *or* based on a completely irrational interpretation of the contract. We recognize the very limited extension of the reviewing court's scope of review to include authority to vacate an award that is 'completely irrational.' Statu-

tory support for this is found not only in the fact that arbitrators 'exceeded their powers' when they reach a completely irrational result, but also in the connotation of the words 'undue means' in Sec. 3–224(b)(1). An award that is 'completely irrational' is inferentially opprobrious, *i.e.*, '[e]xpressing or carrying a sense of disgrace or contemputuous scorn,' causing it to be suspect in its conception."

*Id.* at 408–09, 348 A.2d 870; *accord, Southern Maryland Hospital Center v. Edward M. Crough, Inc.,* 48 Md.App. 401, 427 A.2d 1051, *cert. denied,* 290 Md. 721 (1981).

■ The complete irrationality standard of review reflects the common law preference for settling disputes through arbitration. The standard does not, however, grant *carte blanche* to an arbitrator to make gross mistakes in fact or law. If the language of the contract permits but one meaning, an arbitrator who does not follow such a clear contractual mandate exceeds his authority as surely as if he had gone beyond the scope of his express arbitration authority. Such a result is completely irrational. *Kroll, supra,* at 410, 348 A.2d 870.

PGCEA first urges this Court to adopt a revised standard of review for arbitration awards such as the one enunciated by the Eighth Circuit in *United Electrical, Radio and Machine Workers of America v. Litton Microwave Cooking Products, Litton Systems,* 704 F.2d 393 (8th Cir.1983). In *United Electrical,* the United States Court of Appeals for the Eighth Circuit stated the following:

"Although a mere error in the determination of factual issues is not sufficient to disturb an arbitration award, *NF & M Corp. v. United Steelworkers of America,* 524 F.2d 756, 759 (3rd Cir.1975), if the arbitrator assumes the existence of a fact that is central to the award and an examination of the record reveals no support whatever for the arbitrator's assumption, an award cannot stand.

\*  \*  \*  \*  \*  \*

These principles of labor arbitration are in accord with long established equitable doctrine with respect to arbi-

tration of disputes generally. *See Burchell v. Marsh*, 58 U.S. (17 How.) 344, 349–50, 15 L.Ed. 96 (1854) (gross mistake, not mere error in judgment required for court to intervene.)" *Id.* at 396–97 (citations omitted).

PGCEA acknowledges that no appellate court in Maryland has accepted the "clear and material factual error" standard of *United Electrical.* We need not do so here.[1] The standard enunciated in *United Electrical* is not inconsistent with the "complete irrationality" standard applied in *Kroll.* We believe that the complete irrationality standard is flexible enough to allow reversal of an arbitrator's decision where, as here, the arbitrator draws erroneous factual conclusions which form the sole basis for his award.

## THE ARBITRATOR'S ERRONEOUS FACTUAL CONCLUSION

At issue in the present appeal is the arbitrator's conclusion that driver education instructors are not covered by the collective bargaining agreement between PGCEA and the Board of Education. This conclusion was based solely on the arbitrator's factual finding that the Driver Education School was a separate and distinct entity from the Board of Education, and that the Driver Education School became the successor employer of driver education teachers in Prince George's County. The arbitrator indicated that but for his finding that the Board of Education was no longer the employer of driver education teachers, he would have had to sustain PGCEA's grievance. Under the successorship doctrine, a well established principle of labor law, a successor employer is not required to assume the collective bargaining agreement negotiated between the predecessor employer and the bargaining representative for

---

1. We discern no substantive difference between "complete irrationality," "clear and material factual error," and "clearly erroneous." Under any of the tests, the assumption by an arbitrator of a fact central to the award is error where the record reveals no support for the assumption.

the employees. *See NLRB v. Burns International Security Services, supra.*

In the present case, the Driver Education School was not a separate entity from the Board of Education. Rather, as termed by the Board of Education in its own resolution creating the Driver Education School, the School was merely a *"separate educational component* of the Board of Education" (emphasis supplied). The arbitrator found that the Driver Education School was an entity so divorced from the Board of Education that the collective bargaining agreement between PGCEA and the Board of Education was not applicable. This finding, which was the sole basis for the arbitrator's award, is clearly erroneous and makes that award completely irrational.

The record reflects that, after the Maryland Legislature directed that driver education need not be a required program for the high school curriculum, certain changes occurred. In previous times, when driver education was mandatory, the program was offered during the day, for credit, and at no cost to students. After the Legislature made the program optional, the Prince George's County driver education program was only offered after regular school hours or in the summer, for no credit, and with a tuition charge to be imposed on the students. A separate budget was established for the driver education program, and a Driver Education School Coordinator was appointed to administer the driver education program. Based on this evidence, the arbitrator found that the Driver Education School was a separate entity from the Board of Education.

■ The record also reflects, however, that it was the Board of Education that hired and paid the Coordinator of the Driver Education School and the teachers who taught in the driver education program. In fact, under Maryland law, only the county boards of education have the authority to appoint teachers and set their salaries. Md.Educ.Code Ann. § 4–103(a) (1978). It was the Board of Education that had final control over the program and rules and regulations for the Driver Education School. It was the Board of

Education's materials and facilities, such as textbooks, manuals, classrooms, and laboratories, that were utilized for the Driver Education School. It was the Board of Education's insurance that covered the employees of the Driver Education School. Finally, it was the Board of Education that was reimbursed by the State Department of Education for the students who successfully completed the program. The arbitrator recognized that the Driver Education School "performed the same function, in the same manner, at essentially the same locations, with the same overall supervision and with a majority of the same employees" as had existed when driver education was conducted under the previous program, but nevertheless concluded that the Driver Education School was a separate entity from the Board of Education. This conclusion is clearly erroneous. Because an erroneous factual conclusion forms the sole basis for the arbitrator's award, that award cannot be upheld. If an employer could avoid a collective bargaining agreement merely by modifying the method of administering its business in as slight a manner as the Board of Education has with the Driver Education School, collective bargaining agreements would be rendered meaningless.

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEE.