**LABORERS' LOCAL UNION 192, a/w Laborers' International Union of North America, AFL–CIO**

**v.**

**LOCAL UNION 1915, a/w International Brotherhood of Painters and Allied Trades; Federal Employees Metal Trades Council of Portsmouth; The Metal Trades Department, American Federation of Labor and Congress of Industrial Organizations.**

Civ. No. 84–767–D.

United States District Court, D. New Hampshire.

Oct. 23, 1985.

**548**

Lawrence & Lawrence by Paul H. Lawrence, Manchester, N.H., Michael S. Bearse, Finnegan & Underwood, Boston, Mass., for plaintiff.

Clifford J. Ross, Manchester, N.H., O'Donoghue & O'Donoghue by Robert Matisoff, Washington, D.C., for Federal Metal Trades Council of Portsmouth and Metal Trades Department, AFL–CIO.

Boynton, Waldron, Doleac, Woodman & Scott, P.A., by Charles B. Doleac, Portsmouth, N.H., for Local Union 1915.

## ORDER

DEVINE, Chief Judge.

In this action plaintiff Laborers' Local Union 192, a/w Laborers' International Union of North America, AFL–CIO ("Laborers' Local 192") has brought suit against defendants Local Union 1915, a/w International Brotherhood of Painters and Allied Trades ("Painters Local 1915"), Federal Employees Metal Trades Council of Portsmouth ("FEMTC"), and the Metal Trades Department, American Federation of Labor and Congress of Industrial Organizations ("MTD"). Plaintiff Laborers' Local 192, pursuant to 9 U.S.C. § 10 and 29 U.S.C. § 185(a), seeks to vacate an arbitration award issued in May 1984 claiming that the arbitrator exceeded his authority in resolving a jurisdictional dispute between Laborers' Local 192 and Painters' Local 1915 at the Portsmouth Naval Shipyard. Presently before the Court are plaintiff's and defendants' cross-motions for summary judgment, Rule 56, Fed.R.Civ.P.[1]

Both Laborers' Local 192 and Painters' Local 1915 are members of the FEMTC, the exclusive bargaining representative of employees at the Portsmouth Naval Shipyard. The FEMTC is organized and operated under the authority of the MTD, a labor organization comprised of several international unions whose members are employed in the metal trades industries. The need for the underlying arbitration in the instant case arose out of a jurisdictional dispute between Laborers' Local 192 and Painters' Local 1915 over which local union

---

1. Under Rule 56(c), Fed.R.Civ.P., summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Moreau v. James River Otis, Inc.*, 767 F.2d 6, 9 (1st Cir.1985).

should represent workers classified as "equipment cleaners" at the Portsmouth Naval Shipyard. Equipment cleaners perform a variety of tasks at the shipyard, including the preparation of deck and bulkhead surfaces for painting and welding as well as the cleaning of nuclear areas aboard submarines to remove radioactive contamination from equipment.

A mechanism for resolution of jurisdictional disputes was established by the Statement of Jurisdictional Policy of the Metal Trades Department, AFL–CIO. The dispute herein was properly processed through the first three steps of the Jurisdictional Policy without resolution. Pursuant to the fourth step of the Jurisdictional Policy, a referee, Archibald Cox, was selected to arbitrate the dispute. Mr. Cox conducted hearings on the issue in Portsmouth in December 1983 and January 1984, and he rendered his decision on May 7, 1984, awarding Painters' Local 1915 the right to exercise representation rights on behalf of the equipment cleaners employed at the shipyard.

On June 6, 1984, the General President of the Laborers' International Union of North America, Angelo Fosco, requested that the Executive Council of MTD consider an appeal of Referee Cox's decision on behalf of Laborers' Local 192. Paul Burnsky, President of MTD, notified the parties that the referee's decision would be considered by the MTD's Executive Council at an August 28, 1984, meeting. On August 29, 1984, President Bunsky informed the parties that the MTD's Executive Council had reviewed the case, decided to accept the referee's decision, and dismissed the appeal filed on behalf of Laborers' Local 192. Laborers' Local 192 subsequently filed suit in Rockingham County Superior Court seeking to vacate the arbitration award. Defendants removed the case to this court in November 1984 pursuant to 28 U.S.C. § 1441(b).

Plaintiff Laborers' Local 192 premises its motion for summary judgment in this case, and hence a vacatur of the arbitration award, on the ground that the arbitrator exceeded his authority in rendering the award. Defendants conversely argue that the arbitrator acted within the scope of his authority. For the following reasons, the Court finds and rules that the arbitrator did not exceed his authority and that the award should be accordingly confirmed.[2]

The Court in reviewing a labor arbitration dispute is cognizant of the substantial deference to be accorded an arbitrator's decision where arbitration was the agreed-upon method of dispute resolution. This doctrine of judicial self restraint was articulated in a troika of United States Supreme Court cases decided in 1960 known as the "Steelworkers' Trilogy". *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). In *American Manufacturing*, the labor contract at issue contained a grievance procedure terminating in arbitration of all disputes as to the meaning and application of the contract provisions. The Court noted that

> [t]he function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrators. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator.

*Id.* at 567–68, 80 S.Ct. at 1346. The Court elaborated in *Enterprise Wheel, supra,* 363 U.S. at 599, 80 S.Ct. at 1362, that

**2.** The Court in this ruling assumes without deciding that plaintiff's claim is not time barred by either the Maine (14 M.R.S.A. 5938) or the New Hampshire (N.H. RSA 542:8) statute of limitations.

plenary review by a court on the merits would make meaningless the provision that the arbitrator's decision is final, for in reality, it would almost never be final.... It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him, because their interpretation of the contract is different from him.

See also W.R. Grace v. Rubber Workers Local 759, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983) ("Under well established standards for the review of labor arbitration awards, a federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one").

The First Circuit Court of Appeals embraced this rule of judicial restraint, most recently in Hoteles Condado Beach, La Concha and Convention Center v. Union de Tronquistas Local 901, 763 F.2d 34 (1st Cir.1985). In that case the Court considered whether a district court vacatur of an arbitration award was mandated. According to the Circuit, a court's review is

limited to a determination of whether the arbitrator, in making the award, was functioning within his authority as an interpreter of the collective bargaining agreement. This court may engage in a substantive review of the award only to determine whether 'the award is "unfounded in reason and fact", ... is based on reasoning "so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling", ... or is mistakenly based on a crucial assumption which is "concededly a nonfact".' Bettencourt v. Boston Edison Co., 560 F.2d 1045, 1050 (1st Cir.1977). In such cases, the award 'fails to draw its essence from the collective bargaining agreement' and must be overturned. United Steelworkers of America v. Enterprise Wheel & Car Corporation, 1960, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424.

As the Circuit has also noted, judicial review by a federal court of arbitrated awards is extremely limited since an arbitrator and not the court has the experience and expertise to fairly and efficaciously resolve labor disputes. Local 369, Utility Workers Union of America, AFL–CIO v. Boston Edison Co., 752 F.2d 1, 5 (1st Cir. 1984). Moreover, as noted by the Circuit, a federal court is empowered to vacate an arbitrator's award on the grounds specified in the Federal Arbitration Act, 9 U.S.C. § 10, which states:

In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

Mobil Oil Corp. v. Local 8–766, Oil, Chemical & Atomic Workers International Union, 600 F.2d 322, 325 (1st Cir.1979). Thus "[t]he courts are precluded from considering factual or legal issues which are by voluntary agreement made the subject of arbitration. Judicial intrusion is restricted to extraordinary situations indicating abuse of arbitral power or exercise of power beyond the jurisdiction of the arbitrator."

*Local Union No. 251, International Brotherhood of Teamsters v. Narragansett Improvement Co.,* 503 F.2d 309, 312 (1st Cir.1974).

Judicial deference to the decision of an arbitrator in a labor dispute is most commonly seen in the context of a dispute involving a collective bargaining agreement between a union and an employer. The policy underlying judicial deference to labor arbitration is not, however, limited to the collective bargaining situation. The First Circuit Court of Appeals in *Sheet Metal Workers' International Union, AFL–CIO, Local Union 17 v. Aetna Steel Products Corp.,* 359 F.2d 1, 5 (1st Cir. 1966), considered an agreement between local unions establishing arbitration machinery designed to deal with jurisdictional disputes, and the Circuit ruled that no less support should be given agreements to which unions resort to resolve their jurisdictional disputes than is given to collective bargaining agreements between management and unions. *See, e.g., Bechtel Corp. v. Local 215, Laborers' International Union of North America, AFL–CIO,* 544 F.2d 1207, 1214 (3d Cir.1976).

█ . In the instant case, both Laborers' Local 192 and Painters' Local 1915 are members of the FEMTC, and hence, as noted above, subject to the jurisdictional dispute resolution mechanisms contained in the Statement of Jurisdictional Policy of the Metal Trades Department, AFL–CIO. The Jurisdictional Policy (¶ 4) provides for arbitration of a dispute by a chosen referee and mandates that "the referee's decision shall be binding upon all parties concerned unless or until a change is made as hereinafter provided". The Court finds in light of the chosen method of dispute resolution and its binding nature that the referee's decision awarding representation rights to Painters' Local 1915 should be accorded the substantial deference previously described.

█ Laborers' Local 192 argues against deference herein, claiming that the referee, Mr. Cox, exceeded his authority when he determined that Laborers' Local 192 had become so inactive as to have abdicated its representational prerogatives to represent equipment cleaners as conferred by the FEMTC. According to Laborers' Local 192, the referee was only empowered to resolve conflicting jurisdictional claims between local unions, not to decide whether a union, in this instance, Laborers' Local 192, had ceased to function as a viable labor organization. The Court finds this argument to be without merit.

Referee Cox was confronted with the specific issue of which local union, Laborers' Local 192 or Painters' Local 1915, should represent equipment cleaners at the Portsmouth Naval Shipyard. After listening to testimony and reviewing evidence presented by both parties, he concluded that the right to represent the equipment cleaners should be awarded to Painters' Local 1915. Referee Cox in arriving at this conclusion found that each of the local unions was functionally able to represent the equipment cleaners. Decision, p. 2. He found however: that for a number of years Painters' Local 1915 has enjoyed greater support than Laborers' Local 192 among equipment cleaners in Shop 71, Decision, p. 6; that membership, including equipment cleaners, in Painters' Local 1915 has increased significantly in recent years, Decision, p. 7; that in May 1982 at least 60 percent of the equipment cleaners had authorized dues deductions payable to Painters' Local 1915, Decision, p. 8; that membership in Laborers' Local 192 had similarly declined in recent years, bottoming out at 18 members in February 1983, Decision, p. 9; that Painters' Local 1915 in recent years has actively organized employees classified as equipment cleaners and has in fact processed grievances on their behalf, Decision, p. 9; and that Laborers' Local 192 has not during the same time period actively represented employees classified as equipment cleaners, failing to conduct meetings and to elect officers, Decision, p. 9.

█ The task before Referee Cox was to award jurisdiction over equipment cleaners at the Shipyard to one of two local unions. Once that award had been made, the unsuccessful local union would lose, as occurred in this case, the right to any further repre-

sentation of equipment cleaners.[3] This specific loss cannot and will not be considered as disestablishing Laborers' Local 192. Laborers' Local 192 retained and continues to retain all rights and responsibilities regarding any other employees which it continues to represent, with the exception now of equipment cleaners. Similarly, Referee Cox's decision does not change any international union jurisdiction nor alter any craft jurisdictions in contravention of the Statement of Jurisdictional Policy of the Metal Trades Department, AFL–CIO (¶¶ 5 and 7). Referee Cox's finding as to the level of Laborers' Local 192's inactivity regarding representation of equipment cleaners was well within the authority accorded him by the parties pursuant to the Statement of Jurisdictional Policy.[4] In addition, to the extent that Laborers' Local 192 challenges the merits of the award, the Court finds and rules that the award is not unfounded in reason and fact, nor is it so palpably faulty that no judge could ever have made such a ruling. *See Bettencourt v. Boston Edison Co., supra,* 560 F.2d at 1050.

■ The Court concludes, therefore, that vacatur of the award would be inappropriate where Referee Cox did not exceed his authority and where his decision is based on reason and fact. Substantial deference must be accorded the arbitrator's decision herein. As noted over a century ago by the United States Supreme Court, *Burchell v. Marsh,* 17 How. 344, 349, 58 U.S. 344, 349, 15 L.Ed. 96 (1854):

> Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes, it should

receive every encouragement from courts of equity. If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error, either in law or fact. A contrary course would be a substitution of the judgment of the chancellor in place of the judges chosen by the parties, and would make an award the commencement, not the end, of litigation.

The Court thus defers to and confirms Referee Archibald Cox's award of jurisdictional rights to Painters' Local 1915. The Court accordingly grants defendants' motion and denies plaintiff's motion for summary judgment.

SO ORDERED.

---

**3.** Mr. Louis Elesie, representing Laborers' International Union of North America on behalf of Laborers' Local 192 at the hearings, acknowledged the potential scope and effect of Referee Cox's decision:

> It's my understanding that your decision on who has the jurisdiction to represent equipment cleaners will then require the other Union to back off and to give that representational right to the Union you name.

Transcript Vol. 1, p. 107.

**4.** The Court also rejects the contention of Laborers' Local 192 that Painters' Local 1915 conduct-

ed an improper "raid" in violation of Article XX, Section 2, of the AFL–CIO Constitution which provides that "[n]o affiliate shall organize or attempt to represent employees as to whom an established collective bargaining relationship exists with the other affiliate." This prohibition has no application in the instant case, as noted by Referee Cox, Decision, pp. 10–11, where plaintiff was not the recognized collective bargaining representative for the employees involved.