NO. 07-07-0271-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 7, 2009
_____

AERO AIR, L.L.C.,

Appellant

v.

SINO SWEARINGEN AIRCRAFT CORPORATION,

Appellee
_____

FROM THE 57TH & 285th DISTRICT COURTS OF BEXAR COUNTY;

NOS. 2006-CI-03413 & 2006-CL-13310; HON. MICHAEL PEDEN, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Aero Air, L.L.C. (Aero) appeals from an order and final judgment confirming an arbitration award entered in favor of Sino Swearingen Aircraft Corporation (Sino). Through five issues, it contends that the arbitration panel 1) disregarded Texas law and 2) exceeded its authority by resolving disputes related to the reinstatement of various agreements and in awarding attorney's fees. We affirm.

***Background***

Aero is an Oregon based company specializing in marketing, selling, chartering and servicing airplanes. Sino is a San Antonio based company which specializes in the manufacturing and distribution of a specialized jet, the SJ30-2. In 1991, Aero and Sino entered into several agreements involving the sale of the SJ30-2 in certain parts of the United States. The agreements consisted of 1) a distributor agreement, 2) an aircraft purchase agreement (APA), and 3) a service agreement. Later, Sino purported to terminate the agreements. This gave rise to controversy between the parties. Thereafter, Sino purported to reinstate the distributor and service agreements, which acts spawned missives between the parties and questions regarding whether those two agreements remained binding.

Aero filed two lawsuits against Sino in Texas district courts purportedly to address its concerns. Sino moved to compel arbitration of the disputes per the arbitration clauses contained in the distributor agreement. The latter relief was granted. Thus, a hearing was held before an arbitration panel, and the panel determined that Sino had legally terminated the agreements, that the service and distributor agreements had been reinstated, and that the purchase agreement had not been reinstated. The panel also conditionally awarded Sino $55,000 in attorney's fees. The award was conditioned on Aero dismissing with prejudice its two state court suits. These awards were later confirmed by the trial court. Aero then appealed to us.

***Standard of Review***

The parties agreed that the Federal Arbitration Act (FAA) controlled the arbitration proceedings. Consequently, the questions regarding whether to vacate the arbitrators'

2

award are reviewed *de novo. Kergosien v. Ocean Energy, Inc*. 390 F.3d 346, 352 (5th Cir. 2004). Furthermore, it is well-settled that such an award can be vacated only for the reasons specified in §10 of that Act. 9 U.S.C.A. §10 (West 2009). That is, it can be reversed only when 1) the award was procured by corruption, fraud, or undue means, 2) there was evident partiality or corruption in the arbitrators; 3) the arbitrators were guilty of refusing to postpone the hearing, failing to hear material evidence, or misbehaving in a way that prejudiced the rights of any party; or 4) the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. *Id.* §10(a). And, that an award is based upon an error of law or fact does not necessarily prevent its affirmance. *See Burchell v. Marsh*, 58 U.S. 344, 349-50, 17 How. 344, 15 L.Ed. 96 (1854); *see also Citigroup Global Markets Inc. v. Bacon*, 562 F.3d 349 (5th Cir. 2009). This may be so because disregarding the law is not a ground for reversal. *Citigroup Global Markets Inc.*, 562 F.3d at 358.

### *Application of Standard*

*Issues One, Two and Four - Manifest Disregard for the Law*

In issues one, two and four, Aero contends that the panel manifestly disregarded Texas law by 1) "disregarding the plain and unambiguous language of the partes' agreement," 2) finding a non-material breach supported termination of the contract, 3) failing to give effect to all of the provisions of the contract, and 4) misinterpreting the contract. We overrule those issues for the reason addressed in *Citigroup Global Markets Inc. v. Bacon*. Again, the "manifest disregard of the law is no longer an independent ground for vacating awards under the FAA." *Id.*

3

*Issue Three - The Panel Exceeded its Authority*

In issue three, Aero contends that the panel exceeded its authority. The panel allegedly did so when it addressed the "dispute over the existence and scope of a reinstatement agreement." We overrule this issue as well.

Per the distributor's agreement, both Aero and Sino stated that "[i]f the parties cannot resolve [their] Dispute through negotiation. . ., the parties agree and consent to resolve the Dispute solely through arbitration in accordance with the Commercial Arbitration Rules. . . ."[1] According to that same contract, the term "Dispute" encompassed "any claim or controversy arising out of this Agreement or the breach, termination or validity thereof." Since the issue regarding reinstatement concerned whether the parties again subjected themselves to the terms of the original agreement, one cannot reasonably deny that the validity of the distributor and service agreements was inescapably implicated in the dispute. Indeed, the allegations in Aero's own petition in cause number 2006-CI-13310 prove as much. For instance, there it averred that the "matters set forth herein arise out of events which occurred in June and July of 2006, involving the reinstatement of the parties' past contractual relationship." So too did it request the trial court to declare that it accepted Sino's offer to reinstate the prior contractual relationship between the parties and that the distributor and service agreements were reinstated.

To allege as Aero did and seek the relief it sought is nothing short of asking the trial court to adjudicate the current validity of the prior contracts. And, because that was a matter expressly encompassed within the definition of "Dispute" appearing in the accord

---

[1]The service agreement contained the exact same language regarding the resolution of disputes.

4

Aero sought to validate, the arbitrators did not exceed their authority in addressing that very matter. *See Pheng Invs., Inc. v. Rodriquez*, 196 S.W.3d 322, 329-30 (Tex. App.–Fort Worth 2006, no pet.) (op. on reh'g) (holding that arbitrators do not exceed their authority when the matter addressed is one which the parties agreed to arbitrate); *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (orig. proceeding) (stating that one who seeks to compel arbitration must establish the existence of a valid arbitration agreement and show that the claims in dispute fell within the scope of that agreement).

### *Issue Five - Attorney's Fees*

The fifth and final issue before us involves whether the contingent award of attorney's fees to Sino exceeded the panel's authority and violated public policy. The award did not relate to fees incurred from engaging in arbitration but rather to the fees Sino incurred in defending against Aero's two state court lawsuits. We overrule the issue for several reasons.

First, per §10(b) of the distributor agreement, the parties agreed that "[i]f either party brings any legal action against the other with respect to any Dispute required to be arbitrated under this Agreement by any method other than arbitration, the other party shall be entitled to recover from such party all damages, costs, expenses and attorneys' fees incurred as a result of such action." At one time or another, both lawsuits initiated by Aero in state court involved the reinstatement and validity of the prior distributor agreement. Since that issue fell within the scope of the arbitration clause, it was subject to arbitration (as we concluded above). Thus, the arbitrators were within their authority to assess fees against Aero per §10(b) of their agreement.

5

Second, in arguing that the award violated public policy Aero actually asserts that the arbitrators failed to comply with state law. This is illustrated by its allegation that the "award . . . runs afoul of the well-established principle that an award of fees must be conditioned on the ultimate success of an appeal so that a party will not be penalized for the mere act of pursuing an appeal" and its citation to *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1988) (orig. proceeding) and *Crescendo Investments, Inc. v. Brice*, 61 S.W.3d 465, 480 (Tex. App.–San Antonio 2001, pet. denied) as support for the allegation. Yet, and as previously mentioned, whether the arbitrators followed supposedly applicable law is not a ground for vacating an award. *Citigroup Global Markets Inc. v. Bacon*, *supra*. Thus, we cannot use the ground asserted by Aero to change what was done.

In sum, ". . . the parties [to a contract] strike the deal *they* choose to strike and, thus, voluntarily bind themselves in the manner *they* choose. And, that is why [they] are bound by their agreement as written." *Cross Timbers Oil Co. v. Exxon Corp.*, 22 S.W.3d 24, 26 (Tex. App.–Amarillo 2000, no pet.) (emphasis in original). Having agreed to arbitrate the dispute at bar and having provided us with no legitimate basis for us to conclude otherwise, both parties must live with the award rendered by the arbitrators and confirmed by the trial court. So, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


6