Sandra S. THOMPSON,
Plaintiff-Appellee,

v.

TEGA–RAND INTERNATIONAL, Albert Denola, dba The Box Factory, and Runner's World Magazine Company, Inc., Defendants-Appellants.

Nos. 82–4703, 83–1930.

United States Court of Appeals, Ninth Circuit.

Argued June 15, 1984.

Submitted June 22, 1984.

Decided Aug. 16, 1984.

Karl A. Limbach, Limbach, Limbach & Sutton, San Francisco, Cal., for plaintiff-appellee.

Adam H. Kurland, Sidley & Austin, Los Angeles, Cal., for defendants-appellants.

Before FAIRCHILD *, GOODWIN and BOOCHEVER, Circuit Judges.

* Honorable Thomas E. Fairchild, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

PER CURIAM.

Plaintiff appeals from the district court's refusal to vacate the award of an arbitration panel. We affirm.

In 1977 Thompson developed a board game which she began marketing under the name "Marathon Game". Two years later Tega-Rand International, as a licensee of Runner's World Magazine, began marketing a game under the name "Runner's World Marathon Game". Shortly thereafter Thompson filed an action alleging copyright infringement, trademark infringement, unfair competition, and false designation of origin. The district court issued a temporary restraining order enjoining defendants from distributing their game, but declined to issue a preliminary injunction. The parties then stipulated that all issues would be determined by binding arbitration.

After four days of arbitration, the panel found defendants liable only on the count of unfair competition and trade dress infringement, based on the similarity of the game boxes. The panel awarded plaintiff $13,000 for common law trade dress infringement. The panel denied defendants' petition for reconsideration. Defendants moved the district court to vacate the arbitration award under 9 U.S.C. § 10.[1]

■ The district court correctly found that the arbitration award should not be vacated. "An arbitration award must be upheld unless it be shown that there was partiality on the part of an arbitrator, or that the arbitrator exceeded his authority, or that the award was rendered 'in manifest disregard of the law,' ...." *Aerojet-General Corp. v. American Arbitration Association,* 478 F.2d 248, 252 (9th Cir. 1973) (citations omitted). Manifest disregard of the law has been defined as "something beyond and different from a mere error in the law or failure on the part of

the arbitrators to understand or apply the law." *San Martine Campania de Navegacion v. Saguenay Terminal Ltd.,* 293 F.2d 796, 801 (9th Cir.1961). The reviewing court should not concern itself with the "correctness" of an arbitration award. *Aerojet-General,* 478 F.2d at 252. Where the parties have agreed to arbitration, the courts will not review the merits of the dispute. *Ficek v. Southern Pacific Co.,* 338 U.S. 655 (9th Cir.1964), *cert. denied,* 380 U.S. 988, 85 S.Ct. 1362, 14 L.Ed.2d 280.

■ Defendants contend that the arbitrators erred in concluding that defendants were liable for trade dress infringement without proof of actual confusion as to the source of the goods. It is true that the district court in denying the earlier motion for preliminary injunction indicated that in order to demonstrate infringement, plaintiff must establish that her trade dress is associated in the consumer's mind with her company. Defendants contend that the arbitrators did not follow the law as thus outlined by the district court. But the court's statement was merely in evaluation of a preliminary injunction. The court's order to the arbitration panel contained no instructions limiting the panel's discretion as to the law to be applied. It is also significant that the same district judge who denied the preliminary injunction upheld the arbitrator's award, apparently finding it not to be in violation of his instructions.

The panel based its finding on unfair competition jurisprudence expanded to encompass the situation where a second manufacturer enters the market prior to the time that a first distributor has established his trade dress in the consumer's mind. The panel stated

> [A]n unfair competition cause of action could be made out if it were shown that the defendants had been aware of or on notice of the distinctive trade dress of a

---

1. The statute reads in relevant part:

   In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration....

   (d) Where the arbitrators exceeded their powers, or so imperfectly executed them for a mutual, final, and definite award upon the subject matter submitted was not made.

   9 U.S.C. § 10

plaintiff's pre-existing product prior to the introduction of their competing product on the market, or during its distribution, and, with that knowledge, failed to adopt or employ a trade dress sufficiently dissimilar from plaintiff's that a likelihood of confusion as to the sources of the products would not be created in the minds of the relevant consuming public.

The panel thus articulated its understanding of the law and applied it accordingly. The interpretation is neither irrational nor in manifest disregard to the law. While it may be true that the panel did not find sufficient consumer awareness to establish secondary meaning in the name used as a trademark, this determination does not foreclose liability on the unfair competition claim, as the law was interpreted by the panel.

*Attorneys' Fees*

■ By its very purpose, arbitration is designed to result in a speedy and final resolution of controversies. Defendants filed motions for reconsideration, to set aside the judgment, and to stay execution of the judgment prior to filing this appeal, which we find to be without merit. They engaged in other actions which delayed the effect of the judgment. This conduct may have been the result of vigorous advocacy, but somebody has to pay for such an exercise.

■ Delaying and frivolous appeals have the effect of undermining both the arbitration and judicial systems. Attorneys' fees are an appropriate sanction in such a situation. Fed.R.App.P. 38; *Wood v. Santa Barbara Chamber of Commerce*, 699 F.2d 484 (9th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 1445, 79 L.Ed.2d 765 (1984). *See Renken v. Harvey Aluminum (Inc.)*, 475 F.2d 766 (9th Cir.1973).

The district court's order is affirmed and attorneys' fees for this appeal will be awarded to plaintiff upon presentation of a bill of costs.