944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TOYOTA OF BERKELEY, Plaintiff-Appellee-Cross-Appellant,
v.
LOCAL 1095 AUTOMOBILE SALESMEN'S UNION, et al.,
Defendant-Appellant-Cross-Appellee.
TOYOTA OF BERKELEY, Plaintiff-Appellee-Cross-Appellant,
v.
LOCAL 1095 AUTOMOBILE SALESMEN'S UNION, et al.,
Defendant-Appellant-Cross-Appellee.
 Nos. 89-15893, 89-15945, 89-16539 and 89-16540.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 3, 1991.
Decided Sept. 17, 1991.
 
 Before TANG, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In these consolidated appeals, appellant and cross-appellee Automobile Salesmen's Union Local 1095, substituted in these proceedings by United Food and Commercial Workers Union Local 1179, appeals the district court's vacatur of an award granting Floyd Johnson back pay and the district court's partial vacatur of an award granting William Eccles back pay. Both awards arose from labor disputes arbitrated under a collective bargaining agreement [CBA] in force at the time of the grievances. Toyota of Berkeley ("Toyota") cross-appeals the district court's partial affirmance of the award for Eccles, claiming that the award was obtained through perjured testimony. It also cross-appeals both awards, claiming that this court, the district court, and the arbitrators all lack or lacked jurisdiction to hear these disputes. Toyota's jurisdictional arguments are without merit. The alleged fraud was discoverable upon the exercise of due diligence, and because both arbitrators were "arguably construing the contract," we reinstate both back pay awards.
 
 DISCUSSION
 A. Jurisdiction
 
 3
 The existence of subject matter jurisdiction is a question of law reviewed de novo; the district court's factual findings are reviewed for clear error. Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985).
 
 1. Subject Matter Jurisdiction
 
 4
 Toyota argues that Local 1179 is not the legal successor to Local 1095 and that the NLRB should determine successorship. On March 23, 1990, we granted Local 1179's motion for substitution of Local 1095 under Fed.R.App.P. 43(a). We have subject matter jurisdiction.
 
 2. Finality
 
 5
 We reject Toyota's argument that Arbitrator Draznin's award of $150,417 "plus any other monies that may accrue as a result of the lack of action of reinstating [Eccles] to his former position as a new car salesman for the company after the date of receipt of this Decision," is not a final, appealable order.
 
 
 6
 In Millmen Local 550 v. Wells Exterior Trim, 828 F.2d 1373 (9th Cir.1987), we noted "that the arbitrator need not complete the mathematical computations of the award for the award to be final and reviewable." 828 F.2d at 1377 (citing United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960)). A determination of liability and a general ruling on damages by the arbitrator suffice to make a decision "final" and reviewable. Accordingly, we find that Arbitrator Draznin's award is final for the purposes of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.
 
 3. Timeliness
 
 7
 Citing Penwell v. Newland, 180 F.2d 551 (9th Cir.1950), Toyota argues that the appeals were not timely filed because Local 1095 no longer existed. This argument stems from an assertion that Local 1095 dissolved on November 1, 1988. Toyota filed its suggestion of the death of Local 1095 with the district court on February 3, 1989; therefore, according to Toyota, appellants' motion was late when filed on February 5, 1990. See Fed.R.Civ.P. 25(a).
 
 
 8
 However, because Local 1095 was the only defendant in the action below, and the notice of appeal is signed by the attorney for the defendant, we affirm the earlier ruling of the motions panel that the notice of appeal gives " 'fair notice of the specific individual or entity seeking to appeal.' " (Quoting Torres v. Oakland Scavenger Co., 487 U.S. 312, 318 (1988)).
 
 B. Arbitration Award
 1. Standard of Review
 
 9
 "The reviewing court should not concern itself with the 'correctness' of an arbitration award." Thompson v. Tega-Rand Int'l, 740 F.2d 762, 763 (9th Cir.1984) (citation omitted). "We will not set aside the arbitrator's award even though we might have interpreted the contract differently." See Coast Trading Co. v. Pacific Molasses Co., 681 F.2d 1195, 1198 (9th Cir.1982). We review the district court's decision concerning an arbitration award de novo. Sunshine Mining Co. v. United Steelworkers of America, 823 F.2d 1289, 1293 (9th Cir.1987).
 
 2. Retention of Jurisdiction
 
 10
 Toyota argues that the arbitrators were without authority to retain jurisdiction to award back pay. Toyota submitted to the arbitration proceedings for the purpose of determining whether the CBA was violated. We hold that the arbitrators could properly retain jurisdiction to award back pay after the expiration of the agreement. See ILWU Local 142 v. Land & Constr. Co., Inc., 498 F.2d 201, 204 (9th Cir.1974).
 
 
 11
 During the initial arbitration proceedings, both arbitrators retained jurisdiction. We have previously recognized the propriety of such orders. Subsequently, in the proceedings at issue here, the arbitrators explained that they retained jurisdiction in order to award back pay. We have previously noted the danger of allowing a party to arbitration to play the litigation card only when things are going badly before the arbitrator. George Day Const. v. United Brotherhood of Carpenters, 722 F.2d 1471, 1475 (9th Cir.1984). Accordingly, we find that the district court was in error when it held that Arbitrators Draznin and Eaton had ignored the limits on their jurisdictions.[1]
 
 
 12
 3. The Arbitrators' Interpretations of the CBA
 
 
 13
 Toyota claims, and the district court found, that the CBA did not allow the awards given by the arbitrators. "[I]f on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced." George Day, 722 F.2d at 1477 (citation omitted). Furthermore, "[w]hen interpreting a [CBA], the 'arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law--the practices of the industry and the shop--is equally a part of the [CBA] although not expressed in it.' The arbitrator's finding is not beyond the essence of the contract if it is derived from the arbitrator's unique expertise." Federated Dept. Stores v. Local 1442, 901 F.2d 1494, 1497 (9th Cir.1990) (citations omitted).
 
 
 14
 The arbitrators ruled that § 6-3's limitations did not apply to the violations found. The arbitrators' interpretations of the CBA were plausible and therefore must be upheld. The fact that Arbitrator Draznin also believed his award was the "most equitable" does not instantly imply that he was "dispens[ing] his own brand of industrial justice." United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). Accordingly, while it may not be the best interpretation of the CBA, and certainly is not the only one, we defer to the arbitrators' judgments because they were plausible interpretations of the CBA, and reverse the district court's vacaturs of their awards.
 
 C. Jurisdiction Under § 301
 
 15
 Toyota argues that the district court lacked subject matter jurisdiction, reasoning that § 301 of the Labor Management Relations Act allows suits to be brought in a district court only when a CBA is in force. Both this court and the Supreme Court have previously indicated that the termination of a CBA does not "automatically extinguish[ ] a party's duty to arbitrate grievances" that arose during the life of the agreement. Nolde Bros. Inc. v. Bakery Workers, 430 U.S. 243, 251 (1977); see also Litton Financial Printing v. N.L.R.B., 111 S.Ct. 2215, 2224 (1991); George Day, 722 F.2d at 1480-81. The presumption of arbitrability for "matters and disputes arising out of the relation governed by contract," can only be " 'negated expressly or by clear implication.' " Litton, 111 S.Ct. at 2224 ( quoting Nolde, 430 U.S. at 255).
 
 
 16
 Toyota offers no evidence or persuasive legal argument supporting a conclusion that the rights guaranteed by the CBA and pertaining to employer conduct during the life of the agreement would become exempt from the arbitration requirement once the CBA expired. To the contrary, the CBA's silence suggests that arbitration was to continue:
 
 
 17
 [T]he parties' failure to exclude from arbitrability contract disputes arising after termination, far from manifesting an intent to have arbitration obligations cease with the agreement, affords a basis for concluding that they intended to arbitrate all grievances arising out of the contractual relationship.
 
 
 18
 Nolde, 430 U.S. at 255 (emphasis added). Consequently, deference to the NLRB under the primary jurisdiction doctrine would have been inappropriate in this instance. See George Day, 722 F.2d at 1481.
 
 D. Perjured Testimony
 
 19
 Toyota argues that Eccles committed perjury at the arbitration hearing before Arbitrator Draznin and that since the award was based on this fraud, the whole award should have been vacated. Assuming that Toyota is correct in its charges of perjury, we nonetheless decline to vacate the award. In order to "protect the finality of arbitration decisions," we will not vacate arbitration awards due to fraud unless the fraud was not "discoverable upon the exercise of due diligence prior to the arbitration." Dogherra v. Safeway Stores, Inc., 679 F.2d 1293, 1297 (9th Cir.), cert. denied, 459 U.S. 990 (1982). The district court's determination that the factual basis of the alleged perjury was discernible through due diligence was not erroneous. We therefore affirm this aspect of the district court's decision.
 
 D. Discovery
 
 20
 The district court denied Toyota's motion for discovery on the union successorship issue as moot. As previously addressed, we hold that Local 1179 legally substituted Local 1095 for the purposes of this appeal. Consequently, the district court's denial of Toyota's motion was not error.
 
 CONCLUSION
 
 21
 We REVERSE the district court's vacatur of Arbitrator Eaton's award and REINSTATE that award in its entirety. We also AFFIRM that part of the district court's order upholding Arbitrator Draznin's award, REVERSE that part of the district court's order vacating that award, and REINSTATE that award.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 21
 
 
 [1]
 Toyota also challenges the arbitrators' jurisdiction on the ground that the applications for back pay were made after the arbitrators' self-imposed time limits on their retention of jurisdiction had elapsed. We hold that the arbitrators' explanations in their respective opinions of why their jurisdiction had not elapsed are correct and hereby adopt them