Christopher T. and Anna Maria
**KORUGA, et al., Plaintiffs,**

v.

**FISERV CORRESPONDENT
SERVICES, INC., et al.,
Defendants.**

**No. CV–00–1415–MA.**

United States District Court,
D. Oregon.

Feb. 7, 2001.

---

Robert S. Banks, Jr., Robert S. Banks, Jr., Law Offices, Portland, OR, for plaintiffs.

Richard L. Baum, Erick J. Haynie, Perkins Coie, Portland, OR, for Fiserv Correspondent Services.

Thomas C. Send, Melissa L. Rawlinson, Miller Nash Wiener Hager & Carlsen, Portland, OR, for Securities Industry Association Inc.

Peter Shepherd, OR Dept. of Justice, Civil Enforcement Division, Salem, OR, Robert L. McGaughey, Law Office of Robert J. McGaughey, Portland, OR, for North American Securities Administrators Association Inc.

## OPINION AND ORDER

MARSH, District Judge.

This action arises from a decision rendered by an arbitration panel ("panel") on September 28, 2000, in favor of Plaintiffs, and against Defendants. On November 29, 2000, the panel issued a Supplemental Award in which they awarded Plaintiffs $101,250 in costs and attorneys fees. Plaintiffs seek an order confirming the arbitration award (# 1), and an order confirming the supplemental award (# 16). Defendant Fiserv Correspondent Services, Inc. ("Fiserv") seeks an order vacating the award against Fiserv, including all findings of fact and law as applied to Fiserv (# 8), and vacating the supplemental award (# 24), pursuant to the Federal Arbitration Act, 9 U.S.C. § 1–16 and the Code of Arbitration Procedure for the National Association of Securities Dealers' ("NASD") Rule 10330(h). I find no manifest disregard for the law, and thus GRANT Plaintiffs' motion to confirm the arbitration award (# 1), GRANT Plaintiffs' motion to confirm the supplemental arbitration award (# 16), DENY Defendant Fiserv's motion to vacate the arbitration award (# 8), and DENY Defendant Fiserv's motion to vacate the supplemental arbitration award (# 24).

## BACKGROUND

Plaintiffs maintained brokerage accounts at Duke & Company, Inc. ("Duke"). Duke was an "introducing broker" and cleared its securities sales through Hanifen Imhoff Clearing Corp., and later, Hanifen's successor, Fiserv Correspondent Services, Inc. (collectively, "Fiserv"). The account agreements between Plaintiffs and Fiserv called for final, binding arbitration over any dispute that might arise between the parties.

Plaintiffs filed a Statement of Claim with the NASD in New York on November 24, 1998, alleging that Duke engaged in fraudulent conduct in connection with the sale of securities to Plaintiffs and other Duke customers, and further that Fiserv, with knowledge of Duke's illegal activity, performed necessary functions related to each of the securities transactions with Plaintiffs, including clearing all transactions, loaning money to Duke customers for the purpose of purchasing Duke stocks on margin, and preparing and mailing all confirmation statements and monthly account statements. Plaintiffs asserted violations of Washington and California Securities Laws, and a violation of the *Restatement (2d) of Torts* § 551 (1977). Three arbitrators were selected, two from the general public, and one from the industry. All parties consented to the composition of the panel. During the hearing, the arbitrators heard testimony from 12 witnesses, and received 250 exhibits. Both parties briefed the legal issues extensively, and provided copies of the legal authorities to the panel. The arbitration hearings concluded on July 28, 2000. The panel determined that Defendants were liable to Plaintiffs. More specifically with respect to Fiserv, the panel found that under the plain meaning of the Washington and California Securities Acts, respectively RCW

21.20.430(3) and Cal.Corp.Code § 25504, Fiserv was jointly and severally liable to Plaintiffs for the full amount of damages, plus interest, costs, and fees. Defendant Fiserv claims the arbitration award manifestly disregarded applicable law.

## STANDARD OF REVIEW

The Federal Arbitration Act, 9 U.S.C. § 10, sets out the grounds upon which a federal court may vacate the decision of an arbitration panel. Applying this statute, courts have adopted a strict standard for vacating an award. An arbitrator's decision must be upheld unless it is completely irrational or constitutes a "manifest disregard for law." *Todd Shipyards Corporation v. Cunard Line, Ltd.,* 943 F.2d 1056, 1060 (9th Cir.1991).

Manifest disregard for law has been defined as something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law. *Thompson v. Tega–Rand International,* 740 F.2d 762, 763 (9th Cir.1984). The reviewing court should not concern itself with the "correctness" of an arbitration award. *Id.* To vacate an arbitration award on the basis of a manifest disregard of the law, it must be clear from the record that the arbitrators recognized the applicable law, and then ignored it. *Michigan Mutual Insurance Co. v. Unigard Security Insurance Co.,* 44 F.3d 826, 832 (9th Cir.1995).

## DISCUSSION

The parties do not dispute the standard of review. Moreover, the parties do not dispute that this issue is governed by the Washington and California Securities Acts, respectively RCW 21.20.430 and Cal.Corp. Code § 25504. The parties do dispute the panel's treatment of case law in determining the proper application of these statutes. The issue before the panel was whether Fiserv, as a clearing broker, can be held liable for the fraudulent acts of one of its corresponding brokers, Duke, under the Washington and California Securities Acts.

RCW 21.20.430(3) provides: "every broker-dealer...who materially aids in the transaction is also liable jointly and severally with and to the same extent as the seller or buyer..." Similarly, Cal. Corp. Code § 25504 provides: "every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person..."

Appellants argue that the panel improperly disregarded *Carlson v. Bear, Stearns,* 906 F.2d 315 (7th Cir.1990).[1] First, neither this Court nor the arbitration panel is bound by decisional authority from the Seventh Circuit. Second, *Carlson* did not interpret the Washington or California Securities Acts, and the Illinois Securities Act discussed in *Carlson* differs from the Washington and California Acts.[2] The

1. The panel was clearly aware of *Carlson,* but declined to follow it, based upon its application of the plain language of the Washington and California Acts and its concern that *Carlson* was incorrect. The panel's criticism of *Carlson* was not only unnecessarily caustic, but unnecessary to its decision. Factual similarities between *Carlson* and the instant case are apparent, but the case was not binding upon the panel as applicable law, as discussed herein.

2. The Illinois Act addressed in *Carlson* provides: "...the issuer, controlling person, underwriter, dealer or other person by or on behalf of whom said sale was made, and each underwriter, dealer or salesperson who shall have participated or aided in any way in making the sale, and in case the issuer, controlling person, underwriter or dealer is a corporation or unincorporated association or organization, each of its officers and directors (or persons performing similar functions)

*Carlson* Court did not put forth a per se rule that clearing firms could never be liable because they only perform ministerial duties. The Seventh Circuit expressed concern about extending liability under the Illinois Act to indirect and/or collateral participants and held that the defendant clearing firm performed ministerial duties, and therefore should not be held liable under the Illinois Act. Third, the Seventh Circuit's decision was premised upon the particular facts in that case. The *Carlson* Court found that the defendant performed only ministerial duties in its role as a clearing house for the disputed securities transactions. Unlike *Carlson*, here, the panel made specific factual findings that Fiserv was directly involved in the challenged transaction and materially participated in the wrongdoing. Applying the plain language of the California and Washington statutes, the panel determined that Fiserv was liable under the Washington and California Securities Acts as a direct participant in the wrongdoing.

Review of this factual determination is well beyond the scope of this Court's jurisdiction. Accepting these factual findings, the panel's application of the Washington and California statutes appears to be consistent with the overall intent and scope of those statutes' statutory schemes. Thus, I cannot find that the panel's application of the statutes was contrary to the plain meaning of the statutes, nor contrary to any other applicable source of law. Accordingly, Appellants have failed to show that the panel manifestly disregarded the law such that the awards should not be confirmed.

Similarly, none of the other cases presented to the panel discuss the proper application of the relevant portions of the statutes to a factual situation similar to the one presented herein.[3]

### CONCLUSION

Because I find that the panel's application of the California and Washington Securities Acts was in accordance with the plain language of the statutes, and not contrary to any other applicable law, I find no manifest disregard for the law. Therefore, Plaintiffs' motion for order confirming the award (# 1), and Plaintiffs' motion for order confirming the supplemental award (# 16) are GRANTED. Defendant Fiserv's motion to vacate the award (# 8), and Defendant Fiserv's motion to vacate the supplemental award (# 24) are DENIED.

IT IS SO ORDERED.

---

who shall have participated or aided in making the sale, shall be jointly and severally liable..."

**3.** Fiserv argues that the panel improperly disregarded *Cacciola v. Kochcapital, Inc.*, 86 Wash.App. 1105, 1997 WL 407867 (1997). RCWA 2.06.040 is similar to the Ninth Circuit rule 36–3 stating that unpublished opinions, such as *Cacciola*, have no precedential value. In any event, *Cacciola* is not applicable to the facts of the instant case because the Washington Court of Appeals applied RCW 21.20.430(1), as opposed to RCW 21.20.430(3), and held that the clearing firm was not a "seller" under this section because the clearing firm's participation was not a substantial factor in causing the transaction. The panel rationally distinguished this case in the Supplemental Award, based upon the fact that the *Cacciola* Court applied a different section of the applicable statute and made a factual finding that the clearing firm was not liable as a "seller." Thus, even if *Cacciola* held precedential value, the panel's disregard of this case was not a manifest disregard for law.