BEAR STEARNS AND CO., a Delaware Corporation; Barry Ganz; Mark Seruya, Petitioners–Appellants,

v.

John BUEHLER; the Conner Living Trust, Lloyd Conner Trustee; Jeremiah Toby Crowley; Melissa Crowley; Kenny Danielson; Barbara Danielson; Katherine H. Everson; Chester G. Fisher, II; James Fisher; Richard N. Gaines; Richard N. Gaines Prison Plan, Rebecca Gonzales; Wallace Green; Thelma Green; Theodore Harris; Mary Lou Harris; Lois M. Healy; Carlton Jones; Shirley Jones; Elizabeth Anne McKenzie; Donald McKenzie; Richard & Agnes Meyers Estate; James Mitchell; Ann Pereos, aka Ann Fry; Curtis Schmidt; Barbara K. Spavin; Philip Speilman; Petiflor Speilman; Nancy Stacy, Respondents–Appellees.

Bear Stearns and Co., a Delaware Corporation; Barry Ganz; Mark Seruya, Plaintiffs,

and

Bear Sterns Securities Corp., a Delaware Corporation; Stephen Ackerman, Plaintiffs—Appellants,

v.

John Buehler; the Conner Living Trust, Lloyd Conner Trustee; Jeremiah Toby Crowley; Melissa Crowley; Kenny Danielson; Barbara Danielson; Kath-

erine H. Everson; Chester G. Fisher, II; James Fisher; Richard N. Gaines; Richard N. Gaines Prison Plan, Rebecca Gonzales; Wallace Green; Thelma Green; Theodore Harris; Mary Lou Harris; Lois M. Healy; Carlton Jones; Shirley Jones; Elizabeth Anne McKenzie; Donald McKenzie; Richard & Agnes Meyers Estate; James Mitchell; Ann Pereos, aka Ann Fry; Curtis Schmidt; Barbara K. Spavin; Philip Speilman; Petiflor Speilman; Nancy Stacy, Defendants—Appellees.

Nos. 00–56736, 01–55266.

D.C. No. CV–99–10417–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Dec. 4, 2001.

Before SCHROEDER, Chief Judge, TROTT and RAWLINSON, Circuit Judges.

MEMORANDUM *

Bear Stearns & Company ("Bear Stearns"), Bear Stearns Security Corporation ("BSSC"), Stephen Ackerman ("Ackerman"), Barry Ganz ("Ganz"), and Mark Seruya ("Seruya") (collectively "Brokers") appeal the district court's decision confirming a multimillion dollar arbitration award

* This disposition is not appropriate for publication and may not be cited to or by the courts

against them. We have jurisdiction over this timely appeal pursuant to 9 U.S.C. § 16, and we affirm.

We review de novo the district court's decision confirming an arbitration award and denying vacatur, *see Woods v. Saturn Dist. Corp.*, 78 F.3d 424, 427 (9th Cir.1996), but the arbitrators' award may be overturned only if it was rendered in manifest disregard of the law, *see Todd Shipyards Corp. v. Cunyard Line, LTD.*, 943 F.2d 1056, 1060 (9th Cir.1991), or if it constitutes a completely irrational decision. *See French v. Merrill Lynch*, 784 F.2d 902, 906 (9th Cir.1986). It is not enough that the arbitrators failed to understand the law or apply it correctly. *See Michigan Mutual Ins. Co. v. American Hardware Mut. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995). In order to overturn the arbitrators' decision, the Brokers must demonstrate that the governing law was well-defined, explicit, and clearly applicable, and that the arbitrators recognized the applicable law and ignored it. *See id.* at 832. Indeed, as the term "manifestly disregard" suggests, the Brokers must adduce something in the record, other than the result, which indicates that the arbitrators knew the law and disregarded it. *See Thompson v. Tega–Rand Int'l*, 740 F.2d 762, 763 (9th Cir.1984) (per curiam).

The Brokers argue that the arbitration award must be vacated, as a matter of law, because they never owed a duty to a group of non-customer Investors. As a general rule, a broker-dealer owes no duty to a non-customer who has invested money through an independent investment advisor. *See Software Design & Appl. v. Hoefer & Arnett, Inc.*, 49 Cal.App.4th 472, 478, 56 Cal.Rptr.2d 756 (1996).

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Yet this general proposition of non-liability is far from a per se rule. Where there is additional involvement by the broker-dealer, a duty may be found. In *Software Design*, the court noted that "sufficiently suspicious" circumstances may place a broker-dealer on notice that her customer is perpetrating fraud on non-customer investors. 49 Cal.App.4th at 483, 56 Cal.Rptr.2d 756. Once aware of troublesome "red flags," the broker-dealer may have a duty which runs to non-customers to monitor and investigate any unusual account activity. *Id; see also City of Atascadero v. Merrill Lynch*, 68 Cal. App.4th 445, 483–84, 80 Cal.Rptr.2d 329 (1998) (finding trustee-investors, who had no direct contact with Merrill Lynch, could nonetheless state a claim for breach of fiduciary duty if Merrill Lynch actively participated in broker's fraud).

Considering the compendious evidence of entanglement between Schmidt and Seruya, Ganz, and Bear Stearns, the arbitrators did not manifestly disregard the law in finding those Brokers liable for breach of fiduciary duty and negligence to all the Investors. If reviewing the case de novo, perhaps we would reach a different legal conclusion, but a difference of legal opinion cannot subvert the "honest decision of the arbitrators, after a full and fair hearing." *Coast Trading Co. v. Pacific Molasses Co.*, 681 F.2d 1195, 1198 (9th Cir.1982).

Brokers Ackerman and BSSC, however, had little, if any, contact with Schmidt or the PCP investment. The Brokers urge that this lack of contact cannot give rise to a duty, and hence liability, to the Investors. Despite the paucity of evidence indicating that BSSC or Ackerman ever did anything that could give rise to a duty to the Investors, the arbitrators found those Brokers liable to the Investors.

Pointing to this arguably erroneous legal result, the Brokers suggest we examine objectively whether the arbitrators manifestly disregarded the law. Yet our case law makes clear that a manifest disregard of the law is something more than a legal error. Cognizant of this difference in our standard of review, we reject the notion that an arbitration board's decision can be reviewed on the basis that its conclusion or reasoning is legally erroneous. *See Thompson*, 740 F.2d at 763. The arbitrators' result may be clear legal error, resulting from confusion in ascertaining the true corporate hierarchy and oversight responsibilities at Bear Stearns, but the result alone does not and cannot indicate that the arbitrators manifestly disregarded the law.

Moreover, the Brokers fail to reveal any evidence that the arbitrators understood the governing legal principles and consciously ignored them. Undoubtedly, the Brokers' task is hampered because, as is customary, the arbitrators failed to explain any of the rationale for their decision. Nevertheless, the Brokers point to no comments by the arbitrators during nearly eighty-one days of hearings or to any indicia in their decision which indicates the arbitrators knew the applicable law and manifestly disregarded it. Finding no evidence that the arbitrators manifestly disregarded the law, we confirm the arbitration award.

AFFIRMED.