Gail SPICUZZA, Plaintiff–Appellant,

v.

SECURITIES SERVICES NETWORK,
INC., Defendants–Appellee.

No. 01–35027.
D.C. No. CV–00–01754–TSZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2002.*

Decided March 11, 2002.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Before POLITZ,** CANBY, and KLEINFELD, Circuit Judges.

### MEMORANDUM***

Gail Spicuzza appeals the district court's decision denying vacatur of an arbitration award in favor of Securities Services Network, Inc. We have jurisdiction over this timely appeal under 28 U.S.C. §§ 1291 and 1294(1), and we now affirm.

 We review the district court's legal decisions confirming an arbitration award and denying vacatur *de novo*.[1] Judicial review of the arbitrators' decision, however, "is both limited and highly deferential."[2] An award will not be set aside unless it manifests a complete disregard of the law.[3] It is insufficient that the arbitrators may have failed to understand the law or failed to apply it correctly.[4] In order to overturn the arbitrators' decision, Spicuzza must demonstrate that the governing law was well-defined, explicit, and clearly applicable, and that the arbitrators recognized the applicable law and ignored it.[5] In our review we may affirm the judgment of the district court on any ground fairly supported by the record.[6]

 Spicuzza contends that the arbitration award must be vacated, as a matter of law, because the arbitrators manifestly disregarded the explicit statutory language of Hawaii Securities Act, HRS § 485–20(a) when it did not find Securities Services Network's rescissionary offer insufficient. Considering that the arbitration panel conducted a five-day hearing on the factual contentions of the parties, including contesting testimony on the issue of damages, we cannot say that the arbitrators manifestly disregarded the law in not granting her rescissionary relief. A difference of legal opinion cannot subvert the "honest decision of the arbitrators, after a full and fair hearing."[7]

Moreover, Spicuzza fails to reveal any evidence that the arbitrators understood the governing legal principles and consciously ignored them. Undoubtedly, Spicuzza's task is hampered because, as is customary, the arbitrators failed to explain any of the rationale for their decision. Nevertheless, Spicuzza points to no comments by the arbitrators during the five days of hearings or to any indicia in their decision which indicates the arbitrators knew the applicable law and manifestly disregarded it.

Alternatively, Spicuzza contends that the award must be vacated as it violates established public policy protecting Hawaiian investors. The scope of judicial review of an arbitrator's award is extremely narrow.[8] Long-standing precedent of this

---

** Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

2. *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.,* 84 F.3d 1186, 1190 (9th Cir. 1996).

3. *Id.*

4. *See Michigan Mut. Ins. Co. v. American Hardware Mut. Ins. Co.,* 44 F.3d 826, 832 (9th Cir.1995).

5. *See id.*

6. *Barnes v. Logan,* 122 F.3d 820, 822 (9th Cir.1997).

7. *Coast Trading Co. v. Pacific Molasses Co.,* 681 F.2d 1195, 1198 (9th Cir.1982).

8. *See SFIC Props., Inc. v. Int'l Ass'n of Machinists & Aerospace Workers,* 103 F.3d 923, 924 (9th Cir.1996).

Court prevents us from reviewing the merits of the arbitrators' findings.[9] Thus, we give deference to the district court's finding that the arbitration panel considered the relevant statute and had adequate legal and factual basis upon which to reach its decision.

We find no evidence that the arbitrators manifestly disregarded the law or that the award violates public policy. Accordingly, the district court's decision denying vacatur of the arbitration award is AFFIRMED.

---

**9.** *See Line Drivers, Pickup & Delivery Local Union No. 81 v. Roadway Express, Inc.,* 152 F.3d 1098, 1099 (9th Cir.1998).

