Christopher T. KORUGA; Anna Maria Koruga; William Joseph Kovach; Page Steelhammer; Margaret Steelhammer; Revocable Living Trust; George Artz; and Robert Spitzka, Plaintiffs–Appellees,

v.

**FISERV CORRESPONDENT SERVICES, INC., Defendant–Appellant.**

No. 01–35295.

DC No. CV–00–01415–MFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2002.

Decided April 5, 2002.

rights. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Before POLITZ,* CANBY, and KLEINFELD, Circuit Judges.

* Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 427 (9th Cir.1996).

## MEMORANDUM **

Fiserv appeals the denial of its motion to vacate an adverse arbitration award. The company contends that the arbitration panel manifestly disregarded applicable law in determining that it acted as a broker-dealer and materially aided in fraudulent transactions committed by initiating broker Duke & Company, rendering the company liable under RCW § 21.20.430(3) and Cal. Corp.Code § 25504. It also complains of the district court's award of attorney's fees to the appellees incurred in responding to its motion to vacate the award. Finding a sufficient basis in law for the arbitration panel's award and the district court's award of attorney's fees, we affirm.

## ANALYSIS

 We review *de novo* the district court's denial of Fiserv's motion to vacate.[1] Absent a showing to the contrary, we presume that the arbitrators relied on permissible grounds in making their decision and made an appropriate award.[2] An arbitration award will be set aside only if it constitutes a "manifest disregard of the law."[3] This stringent standard of review requires confirmation of an arbitration award "even in the face of 'erroneous ... misinterpretations of law.'"[4] To vacate an arbitration award on the ground of manifest disregard of the law, it must be

2. *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir.1992); *see also Thompson v. Tega–Rand Int'l*, 740 F.2d 762, 763 (9th Cir.1984).

3. *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir.1995).

4. *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir.1991) (citations omitted).

clear from the record that the panel recognized the applicable law but chose to ignore it.[5]

■ Fiserv insists that the arbitration panel manifestly disregarded applicable law governing whether a clearing broker can act as a broker-dealer and materially aid an initiating broker's fraudulent transactions. Fiserv contends that a clearing broker performs entirely ministerial tasks and, therefore, cannot be considered a broker-dealer under the language of the Washington and California statutes. The arbitration panel requested briefing on all law governing the interpretation of the California and Washington statutes as related to clearing brokers. Neither party cited any direct authority. Instead, Fiserv presented *Carlson v. Bear Stearns,*[6] a Seventh Circuit case interpreting an Illinois securities statute where the plaintiff's actions stemmed from the sale of unregistered securities. *Carlson* does not mandate a specific interpretation of Washington or California law, however, and is distinguishable on its facts. The panel in the instant action discussed *Carlson* in great depth and made the permissible decision to render an award contrary to that court's policy. Accordingly, the panel's award cannot be said to have been entered in manifest disregard of applicable law.

■■ Following the panel's award Fiserv moved to vacate it in district court. The district court denied the motion and awarded attorney's fees to the respondent for fees incurred in defending the award. Absent a contractual or statutory authorization, a prevailing litigant is generally not entitled to attorney's fees.[7] A court may, however, assess attorney's fees when they are permitted by statute. Washington statutes provide that any person who materially aids in a fraudulent transaction is jointly and severally liable to the same extent as the buyer and seller,[8] including liability for attorney's fees under R.C.W. 21.20.430(1).[9] Fiserv was found liable under 21.20.430(3) and, therefore, is responsible for reasonable attorney's fees.

Fiserv contends that an award of attorney's fees to the plaintiffs was improper under the Seventh Circuit's decision in *Menke v. Monchecourt.*[10] Therein the appellate court reversed the district court's award of attorney's fees incurred by a victorious plaintiff in obtaining confirmation of its arbitration award on the basis that no statute existed granting the court that authority. We do not find *Menke* persuasive in the instant action. The essential facts of *Menke* differ significantly.

For the reasons assigned the judgment of the district court is AFFIRMED.

---

**5.** *Michigan Mut. Life Ins. Co.,* 44 F.3d at 832.

**6.** 906 F.2d 315 (7th Cir.1990).

**7.** *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.,* 707 F.2d 425, 428 (9th Cir.1983).

**8.** R.C.W. 21.20.430(3).

**9.** R.C.W. 21.20.430(1) provides that "any person, who offers or sells a security in violation of any provisions R.C.W. 21.20.010, 21.20.140(1) or (2), or 21.20.180 through 21.20.230, is liable to the person buying the security ... for the security, together with interest ... costs, and reasonable attorney's fees...."

**10.** 17 F.3d 1007 (7th Cir.1994).