Rick INTILE; Tom Riordan; Joseph Dickinsen, Plaintiffs–Appellants,

v.

William C. MOW, Defendant–Appellee.

and

Bugle Boy Industries, Inc., a California corporation; Dragon International, Inc., a foreign corporation; Roy Thorsen, Defendants.

No. 01–55476.

D.C. No. CV 97–05434–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2002.

Decided May 28, 2002.

Before THOMAS and RAWLINSON, Circuit Judges, and ARMSTRONG,* District Judge.

### MEMORANDUM **

Plaintiffs–Appellants Rick Intile, Tom Riordan, and Joseph Dickinsen ("Appellants") appeal the district court's confirmation of an arbitration award in favor of Defendant–Appellee William C. Mow. This

---

* The Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Court has jurisdiction under 28 U.S.C. § 1291.

Decisions confirming arbitration awards and denying vacatur are subject to *de novo* review by this Court. *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996). *De novo* review also applies to the district court's adoption of the legal standard governing the impartiality of the arbitrator. *Id.* However, the factual findings underlying the district court's decision will only be reversed if there is a showing of clear error. *Id.*

Appellants contend that the initial arbitrator erred in relying on California Code of Civil Procedure ("CCP") § 1284.2 as the basis for requiring the parties to share the costs of the arbitration because the statute is unconstitutional under the Takings Clause of the Fifth Amendment. This argument is without merit. There is no evidence that this statute is implicated because there is no evidence that the arbitrator premised his final order directing the parties to share costs on this statute. Even if CCP § 1284.2 were implicated, however, Appellants' argument fails because the Fifth Amendment is inapplicable to private arbitrations. *See FDIC v. Air Fla. Sys., Inc.*, 822 F.2d 833, 842 n. 9 (9th Cir.1987).

Next, Appellants contend that payments made by Bugle Boy Industries, Inc. ("Bugle Boy") during the course of the arbitration should have rendered Appellants "prevailing parties" for purpose of the apportionment of costs. Since Bugle Boy is not a party to this appeal, these payments have no bearing on the apportionment of costs issue as it relates to Mow. In addition, this issue was not specifically and distinctly argued in Appellant's opening brief, and as such, will not be considered on appeal. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v.*

*Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985).

Finally, Appellants' contentions that the arbitrators were biased and manifestly disregarded the law are factually and legally unsupported. *See Woods*, 78 F.3d at 427–29; *Thompson v. Tega–Rand Int'l*, 740 F.2d 762, 763 (9th Cir.1984) (per curiam).

AFFIRMED.