JAMES FORD INC., a California corporation, Plaintiff-counter-defendant—Appellee,

v.

FORD DEALER COMPUTER SER-VICES INC., a Michigan corporation; Universal Computer Systems, Inc., a Texas corporation, Defendants-counter-claimants—Appellants.

No. 01–16067.
D.C. No. CV–98–00673–TEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2002.

Decided Jan. 31, 2003.

Before TASHIMA, THOMAS and PAEZ, Circuit Judges.

## MEMORANDUM *

Ford Dealer Computer Services, Inc. and Universal Computer Systems, Inc. (collectively "FDCS")[1] appeal the district court's judgment confirming an arbitration award in favor of James Ford Inc. ("James Ford"). The judgment awarded James Ford damages, equitable relief, and attorney's fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I.

■ FDCS first alleges that the arbitrator's decision to apply California law constituted manifest disregard of the law because the contract contained a choice of law provision that unambiguously stated the agreement would be governed by Michigan law. An arbitrator's award may be overturned only if it was rendered in "manifest disregard of law" or constituted a completely irrational decision. *See Todd Shipyards Corp. v. Cunard Line, Ltd.,* 943 F.2d 1056, 1060 (9th Cir.1991). Furthermore, an arbitrator is not required to state reasons for his findings. *A.G. Edwards & Sons, Inc. v. McCollough,* 967 F.2d 1401, 1403 (9th Cir.1992).

Because the arbitrator did not state his reasons for applying California law, if James Ford presents plausible permissible grounds on which the arbitrator could have relied to reach his decision, we must affirm. The parties agree that Section 187 of the Restatement (Second) of Conflicts governs the application of the choice of law clause. Under Section 187, a choice of law clause "will not be given effect if the consent of one of the parties to its inclusion in the contract was obtained by improper means, such as by misrepresentation, duress, or undue influence, or by mistake." RESTATEMENT (SECOND) OF CONFLICT OF LAWS, § 187 cmt. b (1971).

James Ford presented sufficient facts to show that the arbitrator could have determined that James Ford, a California corporation, would not have agreed to be governed by Michigan law if FDCS had not used fraud to convince its officers that FDCS was indeed a part of Ford Motor Company, which is based in Michigan.[2] There was also sufficient evidence for the arbitrator to decide that any relationship between the parties and Michigan was insubstantial. "If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced." *Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co.,* 933 F.2d 1481, 1486 (9th Cir.1991) (internal citations omitted).

### II.

■ FDCS next alleges that the arbitrator exceeded his authority in awarding damages and restitution and rejecting FDCS's contractual and laches defenses. We disagree. The arbitrator identified multiple grounds for rescission, including FDCS's fraudulent representations, the computer system's failure to serve its essential purpose, and FDCS's violation of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. FDCS has changed its name since the events at issue in this case occurred. It is currently called Dealer Computer Services. We refer to it as FDCS, the name of the company at the time of the events at issue in this case.

2. As the district court noted, the arbitrator's finding of multiple instances of fraudulent representations by FDCS suggests that the arbitrator may have determined that FDCS established its Michigan corporate office as part of FDCS's attempt to induce James Ford into entering into a contract by passing itself off as an affiliate of Ford Motor Company.

the California Unfair Competition Act due to its fraudulent representations. The arbitrator gave no explanation for his determination of the award or amount of damages. In the absence of reasons from the arbitrator, we presume that the he reached his decision on damages on one of the permissible common law or statutory theories presented by James Ford. *See Todd Shipyards Corp.*, 943 F.2d at 1060.

Furthermore, under California law, an award of both benefit of the bargain or lost profits damages and tort damages is permissible when a plaintiff prevails on breach of contract and fraudulent misrepresentation claims. *See, e.g., Lazar v. Superior Court*, 12 Cal.4th 631, 49 Cal. Rptr.2d 377, 909 P.2d 981 (Cal.1996)(stating that where a defendant has a claim for fraudulent inducement and a claim for breach of contract, the plaintiff may in some cases pursue a cause of action in tort in addition to a cause of action on the contract). The record does not support FDCS's claim that the damages were duplicative or inconsistent. A plausible application of law to the facts in this case supports the arbitrator's combination of restitution and lost net profit damages in his award to James Ford, a plaintiff that had prevailed in its fraud claim.

Although there were contract provisions limiting liability and disclaiming warranties for equipment, equipment maintenance, software, and the on-line parts and vehicle locator service, a plausible interpretation of the contract was that these clauses were inapplicable or alternatively unenforceable in light of the facts as determined by the arbitrator. These provisions were included in different sections of the contract and dealt with the specific pieces of equipment or services described in those sections. Neither these provisions nor other parts of the contract establish a general limitation on damages for a breach of the entire contract. Again, we do not assess the "correctness" of an arbitrator's decision because where the parties have agreed to arbitration, we do not review the merits of the dispute; we assess the arbitrator's award to determine if there was a plausible basis for the arbitrator's interpretation of the contract. *Thompson v. Tega–Rand Int'l.*, 740 F.2d 762, 763 (9th Cir.1984); *see also Employers Ins. of Wausau*, 933 F.2d at 1486.

█ FDCS also alleges that James Ford's delay in seeking rescission of the contract prevented the arbitrator from ordering rescission under Section 1691 of the California Civil Code.[3] The arbitrator did not expressly address this issue, and in the absence of any indication to the contrary, we presume the basis for his decision to rescind was one of a number of plausible grounds. For example, under Section 1691, the party must be aware of its right to rescind before it can effectuate the rescission. It is unclear from the record when James Ford actually understood that its termination rights would not be recognized and therefore that it had a right to rescind. A plausible interpretation of the facts could put that moment of recognition almost immediately before the initiation of

---

3. In pertinent part, California Civil Code § 1691 provides:

Subject to Section 1693, to effect a rescission a party to the contract must, promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence or disability and is aware of his right to rescind:

(a) Give notice of rescission to the party as to whom he rescinds; and
(b) Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so . . .

the litigation that led to the arbitration award, thus defeating a delay argument.

### III.

Finally, FDCS alleges that the district court abused its discretion by preventing FDCS from making a complete record by refusing to file over 3,000 pages under seal. The district court was well within its discretion to deny the motion to file all 3,000 documents under seal. As the district court order explained, FDCS failed to comply with Local Rule 79–5(b), which requires a party to submit only those documents that contain information that is "genuinely privileged or protectable as a trade secret or otherwise has a compelling need for confidentiality."

AFFIRMED